**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re:<br><br>AR and DB LLC<br><br>            Debtor | Bankruptcy No. 14-44972<br>Chapter 11 Case |

**NOTICE OF HEARING AND MOTION FOR ORDER (1) GRANTING EXPEDITED RELIEF; and (2) AUTHORIZING DEBTOR'S USE OF CASH COLLATERAL ON AN INTERIM AND FINAL BASIS**

TO:   ALL PARTIES IN INTEREST SPECIFIED UNDER LOCAL RULE 9013-3(a)

1.    The above-named Debtor ("Debtor") move this Court for the relief requested below and give notice of hearing herewith.

I.    PRELIMINARY HEARING

2.    The Debtor is the owner of 18 rental properties located in the counties of Hennepin, Scott and Anoka.

3.    The court will hold a preliminary hearing on this Motion at 2:00 p.m. on December 23, 2014, before the Honorable Michael E. Ridgway, Courtroom 7W U.S. Courthouse, 300 South 4th Street, Minneapolis, Minnesota 55415 (the "Preliminary Hearing").  Local Rule 9006-1 provides deadlines for responses to this Motion.  However, given the expedited nature of the relief sought, movant does not object to written responses being served and filed no less than two hours prior to the hearing.  **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE PRELIMINARY RELIEF REQUESTED IN THE MOTION WITHOUT A HEARING.**

## II.     FINAL HEARING

4.     The court will hold a final hearing on this Motion at 10:30 a.m. on January 21, 2015, before the Honorable Michael E. Ridgway, Courtroom 7W U.S. Courthouse, 300 South 4th Street, Minneapolis, Minnesota 55415 (the "Final Hearing").

5.     Pursuant to Local Rule 9006-1(c) any response related to issues to be considered at the Final Hearing must be filed and delivered not later than January 16, 2015, which is five (5) days before the time set for the Final Hearing. **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT A HEARING.**

## III.     JURISDICTION AND VENUE

6.     This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1.  Venue of this case and the Motion are proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding.  The petition commencing this Chapter 11 case was filed on November 23, 2010 (the "Petition Date").  The case is now pending in this Court.

7.     The Motion arises under 11 U.S.C. §§ 363, Federal Rules of Bankruptcy Procedure 4001 and 9014, and Local Rule 4001-2.  The Motion is filed under Bankruptcy Rule 9014 and Local Rules 9013-1 through 9013-3.

8.     By this Motion, Debtor requests that the Court enter a preliminary and final order granting the following relief:

   a. Granting Debtor's Motion for Expedited Relief;

   b. Allowing Debtor the continued use of cash collateral as defined in 11 U.S.C. § 363 through March 31, 2015, and in the manner as set forth in further detail herein;

  c. Deeming the Secured Parties adequately protected and authorizing Debtor to grant a replacement lien or security interest to the Secured Parties in the same dignity, priority, and validity of its pre-petition lien or security interest to the extent any cash collateral is used;

  d. Granting such other further protections as the court deems reasonable, so as to adequately protect the secured creditors' position, and allow the Debtor to use cash collateral in the ordinary course of business;

  e. For such other and further relief as the court deems just and equitable.

9. The following creditors assert secured status:

  a. **American Finance House Lariba:** The Debtor has 18 mortgage loans from secured creditor. These loans are secured by 1st mortgages on 18 separate properties. Lariba is over oversecured. (See Exhibit B).

  b. The only other secured creditors are the counties of Hennepin, Scott and Anoka for property taxes. These creditors have no lien in cash collateral.

10. As of the Filing Date, the Debtor has cash collateral assets with a value of $1,000. The Debtor projects that the value of cash collateral, as of January 21, 2015, (the final hearing date) will be approximately $12,000. Cash collateral will be approximately $36,000 as of March 31, 2015. (See Exhibit B.) (At all times cash collateral will remain in excess of its value as of the Filing Date.)

11. Attached hereto are a verified a schedule of debt secured by collateral as of the Filing Date (Exhibit A), and a projected cash flow statement through March 31, 2015 (Exhibit B). Budget for expenses pending the final hearing (Exhibit C).

12. By reason of the foregoing, and based upon the projected values and the cash flow projection, the position of the creditors with an interest in cash collateral including cash, accounts receivable and inventory (those items turned into cash in the orderly course of business), remains stable and even increases in value.

13. The Debtor requires the use of cash collateral in order to carry on its business activities, to pay for its current operations, including insurance, utilities, real estate taxes, and the like. The alternative is to shut down. The Debtor shall be able to operate, on a cash basis, and believes that it will be able to confirm a plan of reorganization in accordance with existing rules and statutes. Cash flow is adequate to pay all creditors 100% of their respective claims, under a plan of reorganization.

14. As and for adequate protection, the Debtor proposes to the grant of a post-petition replacement security interest of the same priority, dignity and effect as the Secured Parties' prepetition interest in Debtor's cash collateral, to the extent of cash collateral used.

15. As additional adequate protection, the Debtor proposes (1) to maintain insurance on all of the property in which the Secured Parties (and any other secured creditors) claim a security interest; (2) to pay all post-petition federal and state taxes, including monthly deposit of post-petition real estate taxes; (3) provide the Secured Party (upon reasonable notice), access during normal business hours for inspection of their collateral and Debtor's business records; and (4) all cash proceeds and income of Debtor will be deposited into a newly opened cash collateral account (i.e., the "DIP" account) as required by law and Local Rule.

16. Pursuant to Local Rule 9013-2(c), the Debtor states that should testimony be necessary at either the preliminary or final hearing on this matter, Debtor reserves the right to call the following witness(es):

    a. Allan Butler, President/Chief Manager of Debtor; and

    b. Other witnesses as deemed necessary.

17. This motion is further supported by a memorandum of law, attached hereto and incorporated by reference herein.

5.

WHEREFORE, the Debtor requests that the Court enter an order granting the relief requested above.

                                                Respectfully submitted,

Dated:  December 19, 2014           /e/ *Thomas J. Flynn*
                                                Thomas J. Flynn (30570)
                                                Larkin Hoffman Daly & Lindgren Ltd.
                                                8300 Norman Center Drive
                                                Suite 1000
                                                Minneapolis, Minnesota  55437-1060
                                                952-835-3800
                                                tflynn@larkinhoffman.com
                                                Attorneys for the Debtor

4828-2260-0215, v.  1

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re:<br><br>AR and DB LLC,<br><br>Debtor. | Case No. 14-44972<br>Chapter 11 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ORDER (1) GRANTING EXPEDITED RELIEF; and (2) AUTHORIZING DEBTOR'S USE OF CASH COLLATERAL ON AN INTERIM AND FINAL BASIS**

AR and DB LLC (the "Debtor"), by and through its attorneys, submits this memorandum of law in support of its motion for continued use of cash collateral. The petition commencing this Chapter 11 case was filed on December 17, 2014 (the "Filing Date"). The Debtor is the owner of 18 separate rental properties in Hennepin, Anoka and Scott Counties.

Section 363 of the Bankruptcy Code prohibits a debtor from using cash collateral without the consent of the secured party having an interest in such collateral or court order. Such an order can be entered if the debtor offers adequate protection to the party or parties with a secured interest in cash collateral.

As of the Filing Date, the Debtor has cash collateral assets with a value of approximately $1,000. The Debtor projects that the value of cash collateral, as of January 21, 2015 (the final hearing date) will be approximately $12,000. Cash collateral will be approximately $36,000 as of March 31, 2015. (See Exhibit B.) (At all times cash collateral will remain in excess of its value as of the Filing Date.)

Exhibits A, B and C filed herewith show that the secured creditors' positions (as more thoroughly set forth below) will not be harmed by continued operations during the period that the Debtor requests the use of cash collateral.

Debtor has continued to maintain the properties prior to the filing.  Debtor will continue to do so, post- filing.  Debtor can do this, and has sufficient cash flow to pay 100% of all of the creditors debts under a plan of reorganization.

American Finance House Lariba ("Lariba") asserts security interests in the Debtor's cash collateral (the "Cash Collateral Creditor").  Lariba holds 18 separate mortgages on the Debtors 18 separate rental properties. (See Exhibits A and B)  The amount due Lariba is approximately $1,224,400.00.  The value of the property subject to the mortgages is estimated by the Debtor to be approximately $1.95 million.  Lariba is oversecured as of the filing date.

The Debtor need only show that it will be able to maintain the value of the cash collateral in order to be allowed the use of cash.  See United Savings Assoc. v. Timbers of Inwood Forest, 484 U.S. 385 (1988). Here, Debtor can maintain the value of collateral.

The Debtor will be able to preserve the value of the cash collateral, and all other collateral, during the pending of this case, as more fully set forth in the motion.

Cash flow projections filed with this motion indicate Debtor will be able to maintain the status quo and improve its condition on a cash basis through March 31, 2015.  The secured party therefore is adequately protected.

                                        Respectfully submitted,

Dated: December 19, 2014            */e/ Thomas J. Flynn*
                                                Thomas J. Flynn (30570)
                                              Larkin Hoffman Daly & Lindgren Ltd.
                                              8300 Norman Center Drive
                                              Suite 1000
                                              Minneapolis, Minnesota  55437-1060
                                              952-835-3800
                                              tflynn@larkinhoffman.com
                                              Attorneys for the Debtor

4828-2260-0215, v.  1

## VERIFICATION

I, Allan Butler, the Debtor's President/Chief Manager, declare under penalty of perjury that I have read the following documents:

1. Notice of Hearing and Motion for (i) Expedited Relief; and (ii) Authorizing Debtor's Use of Cash Collateral on an Interim and Final Basis;

2. Memorandum of Law in Support of the Motion;

and that the facts contained therein are true and correct to the best of my knowledge, information, and belief.

Dated: 12-19-2014

_____
Allan Butler

4828-2260-0215, v. 1

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | Case No. 14-44972 |
| AR and DB LLC, | Chapter 11 |
| Debtor. | |

**CERTIFICATE OF SERVICE**

Under penalty of perjury, I declare that on December 19, 2014, the following documents were served upon the parties listed on the attached service list in the matter indicated therein:

1. Notice of Hearing and Motion for Continued Use of Cash Collateral;

2. Memorandum of Law In Support of Motion for Continued Use of Cash Collateral;

3. Exhibits A, B and C;

4. Verification;

5. Certificate of Service; and

6. Proposed Order.

Dated: December 19, 2014          */e/ Thomas J. Flynn*

4828-2260-0215, v. 1

AR and DB LLC
Chapter 11 Bky. Case No. 14-44972
RULE 9013-3 SERVICE LIST

| | | |
|---|---|---|
| AR and DB<br>Attn: Allan K. Butler<br>8438 Mississippi Boulevard NW<br>Minneapolis, MN 55433<br>allanbutler@q.com<br>**VIA EMAIL and US MAIL** | Erick Cook, Esq.<br>8426 Seasons Pkwy., Ste. 105<br>Woodbury, MN 55125<br>ecook@wgcmn.com<br>Fax: 651-209-3339<br>**VIA FACSIMILE and US MAIL** | Scott County Community Service<br>Government Center<br>200 Fourth Avenue W<br>Shakopee, MN 55379<br>Fax No. 952-496-8496<br>**VIA FACSIMILE and US MAIL** |
| Thomas J. Flynn, Esq,<br>Larkin Hoffman<br>8300 Norman Center Dr., #1000<br>Minneapolis, MN 55437-1060<br>tflynn@larkinhoffman.com<br>**VIA ECF** | American Finance House Lariba<br>15141 East Whittier Blvd., Ste. 400<br>Whittier, CA 90603<br>Fax: 562-693-1546<br>**VIA FACSIMILE and US MAIL** | US Attorney<br>600 US Courthouse<br>300 S Fourth St<br>Minneapolis MN 55415<br>Fax: 612-664-5788<br>**VIA FACSIMILE and US MAIL** |
| US Trustee<br>1015 US Courthouse<br>300 S. 4th Street<br>Minneapolis, MN 55415<br>sarah.j.wencil@usdoj.gov<br>ustpregion12.mn.ecf@usdoj.gov<br>**VIA ECF** | Ahmid Khan<br>1216 – 118 Lane NE<br>Blaine, MN 55434<br>shaseek@gmail.com<br>**VIA EMAIL and US MAIL** | Hennepin County Treasurer<br>Attn: Vickie<br>A600 Government Center<br>Minneapolis, MN 55487<br>Fax No. (612) 348-9716 (Attn: Vickie)<br>**VIA FACSIMILE and US MAIL** |
| IRS District Counsel<br>650 Galtier Plaza<br>380 Jackson Street<br>St. Paul, MN 55101<br>Fax: 651-726-7360<br>**VIA FACSIMILE and US MAIL** | Agon Azizi<br>4853 Burns Road NW<br>Lilburn, GA 30057<br>Agon81@hotmail.com<br>**VIA EMAIL and US MAIL** | Anoka County<br>Property Records and Taxation<br>Government Center<br>2100 – 3rd Avenue<br>Anoka, MN 55303<br>Fax No. (763) 422-7475<br>**VIA FACSIMILE and US MAIL** |
| Internal Revenue Service<br>Wells Fargo Place<br>30 E 7th St, Mail Stop 5700<br>St Paul MN 55101<br>Fax: (651) 312-7970<br>**VIA FACSIMILE and US MAIL** | Mirsad Skeho<br>3301 – 65th Avenue N<br>Brooklyn Center, MN 55429<br>skehomirsad@yahoo.com<br>**VIA EMAIL and US MAIL** | MN Department of Revenue<br>Collection Enforcement<br>551 Bankruptcy Section<br>600 North Robert Street<br>PO Box 64447<br>St Paul MN 55101<br>Fax: (651) 282-2817<br>**VIA FACSIMILE and US MAIL** |
| IRS Centralized Insolvency Operation<br>PO Box 7346<br>Philadelphia, PA 19101-7346<br>Fax: 267-941-1015<br>**VIA FACSIMILE and US MAIL** | Ameer Hanif<br>1050 Second Ave NE, Apt. 16<br>Fridley, MN 55421<br>neshahaanis95@gmail.com<br>**VIA EMAIL and US MAIL** | |

## EXHIBIT A*

| Secured Lender | Debt (Approx.) | Collateral |
| --- | --- | --- |
| American Finance House Lariba | $1.224 Million | 18 homes |
| Hennepin County | $13,500.00 | Property located in Hennepin County |
| Scott County | $4,319.00 | Property located in Scott County |
| Anoka County | $4,242.00 | Property located in Anoka County |

*All creditors are oversecured at liquidation.

## EXHIBIT B[1]

|  | JANUARY | FEBRUARY | MARCH |
|---|---|---|---|
| Rents[2]: | $24,044 | 24,044 | 24,044 |
| Expenses: | | | |
| 1. Property Insurance | $2,608 | 2,608 | 2,608 |
| 2. Real Estate Tax | $2,579 | 2,579 | 2,579 |
| 3. Maintenance and Labor[3] | $6,800 | 6,800 | 6,800 |
| Total Expense | ($11,987) | (11,987) | (11,987) |
| Net Income: | $12,057 | 24,114 | 36,171 |
| Accumulated Income: | $12,057 | 24,114 | 36,171 |

---

[1] Based upon review of 14 years' experience with properties
[2] Assuming a 6% vacancy rate of $1,534 at any given time
[3] Includes capital expenditures

## EXHIBIT C

<u>Budget</u>:       Pending final hearing

<u>Maintenance and Labor</u>:      $6,500

4828-2260-0215, v. 1

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Case No. 14-44972 |
| AR and DB LLC, | Chapter 11 |
| Debtor. | |

**ORDER AUTHORIZING MOTION FOR ORDER (1) GRANTING EXPEDITED RELIEF; and (2) AUTHORIZING DEBTOR'S USE OF CASH COLLATERAL ON AN INTERIM BASIS**

This matter is before the court on December 23, 2014, on the debtor's expedited motion for use of cash collateral on a preliminary basis, pending a final hearing of this motion. Appearances were noted on the record.

Based on the arguments of counsel, all the files, records and proceedings herein, the Court having being advised in the premises,

IT IS HEREBY ORDERED:

1. The Debtor's motion for expedited relief is granted. Debtor is authorized to use cash collateral pending a final hearing on this matter, currently set for 21st day of January, 2015, in accordance with the budget of the Debtor, attached to Debtor's Motion as Exhibit C, until the date of the final hearing hereon.

2. For purposes of adequate protection, to the extent of the use of pre-petition cash collateral in which the American Finance House Lariba ("Lariba") has a security interest declines in value from and after the petition date, the Debtor is authorized to grant to Lariba a replacement lien in the Debtor's post-petition assets of the same type and kind as subject to the pre-petition

liens of Lariba.  Such replacement liens shall have the same priority, dignity and effect as the pre-petition liens on the pre-petition property of the Debtor.

Debtor shall further: (i) maintain insurance on the collateral; (ii) pay all post-petition taxes, when due; (iii) maintain all cash collateral in a D.I.P. account; and (iv) allow Lariba, after reasonable notice under reasonable conditions, the right to inspect its collateral.

Dated:

        Michael E. Ridgway
        United States Bankruptcy Judge

4828-2260-0215, v. 1